UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRUCE REASER,                          :
                                       :CIVIL ACTION NO. 3:15-CV-1765
        Plaintiff,                     :
                                       :(JUDGE CONABOY)
        v.                             :
                                       :
CREDIT ONE FINANCIAL,                  :
d/b/a Credit One Bank,                 :
                                       :
        Defendant.                     :
                                       :

_____

## **MEMORANDUM**

Here we consider Credit One's Motion to Dismiss and Compel Arbitration (Doc. 4) filed on December 7, 2015, and accompanied by a supporting brief.  (Docs. 4, 4-1.)  Plaintiff filed his opposition brief on December 21, 2015.  (Doc. 6.)  Defendant filed a reply brief on January 7, 2016.  (Doc. 7.)  Therefore this matter is fully briefed and ripe for disposition.  For the reasons discussed below, I conclude Defendant's motion is properly denied.

## **I. Background**

Plaintiff filed this action on September 10, 2015, asserting a claim under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").  (Doc. 1 at 1.)  Plaintiff specifically alleges that "[b]eginning in or around early to mid April 2015, and continuing through July 2015, Defendant called Plaintiff on his cellular phone on a repetitive and continuous basis, on average, twelve (12) to twenty (20) times a day."  (Doc. 1 at 2-3.)  Plaintiff also alleges that Defendant used an automatic telephone

dialing system and/or automatic and/or pre-recorded messages and the calls were not made for emergency purposes. (Doc. 1 at 3.) Plaintiff further avers that, on the occasions when he spoke with a live representative, he informed the representative that he was unable to pay due to financial circumstances and requested that Defendant not call his cellular phone, and despite the request, he continued to receive calls on his cellular phone. (*Id.*)

With this motion, Defendant asserts that Plaintiff agreed to resolve any disputes between them in arbitration, Plaintiff's claims arise out of Plaintiff's nonpayment of the credit card account and Defendant's subsequent attempts to contact Plaintiff, Plaintiff's claims are subject to the arbitration agreement, and Plaintiff should be compelled to pursue his claims in arbitration. (Doc. 4-1 at 1.)

Solicitation for the pre-approved credit card at issue was mailed to Plaintiff in October 2014. (Doc. 4-1 at 2.) Defendant does not retain actual copies of the solicitation it sends potential customers. (*Id.*) Rather, Defendant provides a sample copy of the solicitation as an exhibit attached to the Affidavit of Gary Harwood in Support of Credit One's Motion to Dismiss and Compel Arbitration. (Doc. 4-2 at 2-5; Doc. 4-3.) The "AGREEMENT" portion of the Disclosures and Important Information included in the solicitation includes the following pertinent language:

> If this application is accepted and one or
> more credit cards are issued, I agree to pay

2

> all charges incurred in accordance with the
> terms and conditions of the Acceptance
> Certificate, Cardholder Agreement, Disclosure
> Statement and Arbitration Agreement . . .
> which will be sent with my card.  I
> understand that once my credit card Account
> is opened, it will be subject to the terms
> and conditions of the Cardholder Agreement,
> Disclosure Statement and Arbitration
> Agreement sent with my card.

(Doc. 4-3.)  The Disclosures and Important Information also contains the following language under the heading "ARBITRATION AGREEMENT": "You and we agree that either you or we may, without the other's consent, require that any dispute between you and us be submitted to mandatory, binding arbitration.  A more detailed description of this Arbitration Agreement will be sent with your card."  (Doc. 4-3.)  The Acceptance Certificate was signed by Plaintiff and dated October 10, 2014.  (Doc. 4-4 at 2.)  The following language precedes the signature line of the Acceptance Certificate: "By signing/submitting this Acceptance Certificate, I have read the terms and conditions on this Acceptance Certificate and the 'Disclosures and Important Information' brochure, and agree to be bound by those terms."  (*Id.*)

   According to Mr. Harwood's affidavit, Defendant issued Plaintiff a Visa credit card, and, per Defendant's policy and ordinary business practice, in the same envelope it included a copy of the Visa/Mastercard Cardholder Agreement, Disclosure Statement and Arbitration Agreement which is attached to the Affidavit.  (Doc. 4-2 at 3-4; Doc. 4-5 at 3-8.)  The introductory language of

3

the Visa/Mastercard Cardholder Agreement, Disclosure Statement and Arbitration Agreement which is attached to the Affidavit states the following: "This Agreement, together with the application you previously signed and the enclosed Arbitration Agreement, governs the use of your VISA or Mastercard Account issued by Credit One Bank, N.A. . . . By requesting and receiving, signing or using your Card, you agree as follows: IMPORTANT NOTICE: Please read the Arbitration Agreement portion of this document for important information about your and our legal rights under this Agreement." (Doc. 4-5 at 3.)   The ARBITRATION portion of the document advises the cardholder "PLEASE READ THIS PROVISION OF YOUR CARD AGREEMENT CAREFULLY.  IT PROVIDES THAT EITHER YOU OR WE CAN REQUIRE THAT ANY CONTROVERSY OR DISPUTE BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT."  (Doc. 4-5 at 7.) The Agreement to Arbitrate states: "You and we agree that either you or we may, without the other's consent, require that any controversy or dispute between you and us (all of which are called "Claims"), be submitted to mandatory, binding arbitration."  (*Id.*) Claims subject to arbitration specifically include "communications relating to your account . . . or collections matters relating to your account" and claims based "on any theory of law, any contract, statute, regulation [or] tort."  (*Id.*)   The agreement also provides that "[a]ny questions about what Claims are subject to arbitration shall be resolved by interpreting this arbitration provision in the

4

broadest way the law will allow it to be enforced." (*Id.*)  Also pertinent is the statement regarding litigation: "If you or we require arbitration of a particular Claim, neither you, we, nor any other person may pursue the Claim in any litigation, whether a class action, private attorney general action, other representative action or otherwise."  (*Id.*)

According to Mr. Harwood's affidavit, Plaintiff activated his account on or about November 20, 2014, by telephone via Credit One's Interactive Voice Response System.  (Doc. 4-2 at 4.)  Documents attached to the affidavit also show that Plaintiff made charges to the account using his VISA credit card.  (Doc. 4-6.)

## II. Discussion

Defendant asserts that Plaintiff's TCPA claims for improper phone calls arise out of and directly relate to his Credit One credit card and his nonpayment of the account and because Plaintiff and Defendant agreed to arbitrate such a Claim, the Court should dismiss the Complaint and allow the parties to resolve their dispute in arbitration.  (Doc. 4-1 at 5.)  Plaintiff avers that Defendant's motion is deficient for the following reasons: 1) Plaintiff has stated a claim for relief under the TCPA; 2) Defendant has failed to meet its burden of establishing the existence of a valid and binding contract and that Plaintiff agreed to the terms upon which Defendant relies in that the affidavit of Gary Hardwood is insufficient; 3) Defendant has failed to produce

5

any evidence that Plaintiff opened any account or that he was put on notice of the existence of any arbitration agreement; and 4) any existing arbitration clause is unconscionable.  (Doc. 6 at 6-7.)

### *A.    Legal Standards*

"To determine whether the parties agreed to arbitrate, we turn to 'ordinary principles that govern the formation of contracts.'" *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).  Under Pennsylvania law, a motion to compel arbitration can only be granted if the court determines that "(1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of that agreement." *Id.* (citing *Trippe Mfg. Co. v. Niles Audio Corp.*, 401 F.3d 529, 532 (3d Cir. 2005); *Quiles v. Fin. Exch. Co.*, 879 A.2d 281, 283 n.3 (Pa. Super. 2005)). Contract formation under Pennsylvania law requires "(1) a mutual manifestation of an intention to be bound, (2) terms sufficiently definite to be enforced, and (3) consideration." *Id.* (citing *Blair v. Scott Specialty Gases*, 283 F.3d 595, 603 (3d Cir. 2002)).

The Court of Appeals for the Third Circuit clarified the appropriate standard district courts are to apply when determining whether an agreement to arbitrate was actually reached in *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764 (3d Cir. 2013).  The clarification was necessary because some cases supported "'the traditional practice of treating a motion to compel

6

arbitration as a motion to dismiss for failure to state a claim upon which relief can be granted,' under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Guidotti*, 716 F.3d at 771 (quoting *Palcko v. Airborne Express, Inc.*, 372 F.3d 588, 597 (3d Cir. 2004)).  Other cases "said, however, 'that when considering a motion to compel arbitration . . . [a district court] should' employ 'the standard used . . . in resolving summary judgment motions pursuant to [Rule 56 of the Federal Rules of Civil Procedure].'"  *Id.* (quoting *Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd.*, 636 F.2d 51, 54 & n.9 (3d Cir. 1980) (alternation in *Guidotti*); citing *Kaneff v. Del. Title Loans, Inc.*, 587 F.3d 616, 620 (3d Cir. 2009)).  After noting that inconsistent pronouncements on the applicable standard for evaluating motions to compel arbitration "are perhaps explained by the FAA [Federal Arbitration Act], and by the values underlying contract interpretation," *Guidotti* summarized the reconciliation of the split pronouncements.

> [W]hen it is apparent, based on the face of a complaint, and documents relied upon in the complaint that certain of a party's claims are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay. . . . But if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then the parties should be entitled to discovery on the question of

7

> arbitrability before a court entertains
> further briefing on the question. . . . After
> limited discovery, the court may entertain a
> renewed motion to compel arbitration, this
> time judging the motion under a summary
> judgment standard.

716 F.3d at 776 (internal quotations omitted).

In a case recently decided in the Middle District of Pennsylvania, District Judge Yvette Kane determined that a motion almost identical to that at issue here was properly denied because a similar complaint did not reference an arbitration clause and neither party contended that the complaint establishes arbitrability on its face. *Rajput v. Credit One Financial*, Civil Action No. 1:15-cv-00807, 2015 WL 8012938, at *2 (M.D. Pa. December 7, 2015); *see also Griffin v. Credit One Financial*, Civil Action No. 15-3700, 2015 WL 6550618 (E.D. Pa. Oct. 29, 2015).

In its reply brief (Doc. 7) Defendant does not address the Third Circuit standard noted by Plaintiff: "Where an arbitration agreement is not apparent from the face of the Plaintiff's Complaint, the Third Circuit uses the summary judgment standard in determining whether a valid arbitration clause exists and binds the parties[,]" (Doc. 6 at 9 & n.1 (citing *Sanford v. Bracewell & Guiliani, LLP*, 618 F. App'x 114 (3d Cir. 2015)).)  Nor does Defendant address the *Guidotti* standard upon which *Sanford* relies, 618 F. App'x at 117, and which we must follow.

Because Defendant does not address *Guidotti's* guidance on the issue before us and because the agreement to arbitrate is not clear

8

from the face of the Complaint, this appears to be a case where the parties should be entitled to discovery on the question of arbitrability.  716 F.3d at 776.  Therefore, consistent with Judge Kane's decision in *Rajput*, 2015 WL 8012938, we will deny Credit One's Motion to Dismiss and Compel Arbitration (Doc. 4), and limited discovery will be allowed on the narrow issue concerning the validity of the arbitration agreement.  *Id.* at n.2; *Guidotti*, 716 F.3d at 775.

### III. Conclusion

For the reasons discussed above, Defendant has not met its burden of establishing that Credit One's Motion to Dismiss and Compel Arbitration (Doc. 4) is properly granted.  Therefore, this motion is denied.  An appropriate Order is filed simultaneously with this Memorandum.

                                             S/Richard P. Conaboy
                                             RICHARD P. CONABOY
                                             United States District Judge

DATED: January 21, 2016